A. V.. DREESE v. J. C. KELLER *et al.*

No. 12,962. (71 Pac. 520.)

SYLLABUS BY THE COURT.

OFFICE AND OFFICERS — *Return on Execution not Conclusive.*
The doctrine of the conclusiveness of the return of an officer between the parties has no application to the case of a constable sued for a wrongful levy, who offers in evidence his return on the writ, showing no service, to prove that he made no levy.

Error from Dickinson district court; O. L. MOORE, judge. Opinion filed February 7, 1903. Reversed.

*Hurd & Hurd*, for plaintiff in error.

*Fred D. Carman*, for defendants in error.

The opinion of the court was delivered by

MASON, J.: A. V. Dreese sued J. C. Keller and his sureties on his bond as constable, alleging that he had levied on plaintiff's personal property under an execution on a judgment in favor of the Kansas City Ice·Company and against one L. J. Campbell. The defendants answered, setting out, in addition to a general denial, facts claimed to operate to estop plaintiff from asserting ownership of the goods in question. Upon trial defendants demurred severally to the plain-

tiff's evidence, and the demurrers were sustained. Plaintiff brings the case here, assigning six errors, the fourth being that the trial court erred in sustaining these demurrers. This is the only assignment that requires discussion.

It is not contended by the defendant in error that there was a failure of evidence in support of the petition otherwise than on the question whether the defendant Keller seized the goods involved in his official capacity as constable. It is practically conceded that there was sufficient evidence to go to the jury that Keller, being a constable, and having an execution such as the petition describes, seized the personal property of the plaintiff; but it is contended, first, that there was no evidence that he took the goods under color of the execution, and, second, that he made a return of *nulla bona*, and that this is conclusive evidence that he did not levy on the goods under the execution.

The plaintiff testified that the constable told her that "the ice company had seized" the goods. The constable testified that he did not represent the ice company in any way except as constable with an execution ; that he was not its agent and had nothing to do with it except in that manner. The plaintiff further testified that at the time of the seizure of the goods the constable said that he could turn the goods over to her "all right if it wasn't for that" (the execution). We think this was sufficient evidence to go to the jury that the goods were taken in virtue of the execution.

The doctrine of the conclusiveness of the return of an officer between the parties has no application to the case of a constable sued for a wrongful levy, who offers in evidence his return on the writ, showing no service, to prove that he made no levy. The evidence

showing *prima facie* that a levy was made under the execution, the introduction of the officer's return of *nulla bona* did not justify taking the case from the jury.

The judgment is reversed and the cause remanded with directions to grant a new trial.

All the Justices concurring.